**RECEIVED**

**JUL 0 2 2009**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AT 8:30_____M
WILLIAM T. WALSH
CLERK

---

IN RE: VONAGE MARKETING AND SALES :
PRACTICE LITIGATION :
--------------------------------------------------
BUDD NAHAY, ROBERT STARRETT, : Civil Action No. 07-CV-03909
ALEX NEVELSON, ERIC TERRELL, : (FLW)(DEA)
DARLENE PENNOCK, FRANCESCO :
TRAMA and JOHN STEWART, on behalf of : STIPULATION AND PROTECTIVE
themselves and all others similarly situated, : ORDER

        Plaintiffs,

        v.

VONAGE AMERICA, INC., VONAGE
HOLDINGS CORP., and VONAGE
MARKETING INC.

        Defendants.

---

    Upon stipulation and motion by the parties for an order pursuant to Fed. R. Civ. P. 26(c), that trade secret or other confidential information be disclosed only in a designated way;

    IT IS HEREBY ORDERED:

    1.    Any party who, in the above captioned litigation (the "Litigation"), produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "protected information") may designate such protected information as "CONFIDENTIAL" when it contains trade secrets or comparable competitively sensitive information or other confidential information, the present disclosure of which would, in the good faith judgment of the party making the disclosure, be detrimental to that party. A producing party may also designate Customer Proprietary Network Information ("CPNI") as "ATTORNEYS' EYES ONLY" as described more fully in paragraph 8 *infra*. A person who is not a party to this lawsuit may designate as "CONFIDENTIAL" protected information provided

to any party in this Litigation and may designate CPNI as ATTORNEYS' EYES ONLY." "Protected information" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

2. The designation of protected information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be effected by visibly marking it "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or with words of similar import. The protected information may be so marked when it is produced, disclosed or at any time before copies ordered by the receiving party during a document examination are physically delivered to the receiving party or as otherwise provided in this Stipulation and Protective Order. Protected information also may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the case of inadvertent disclosure without a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", in subsequent correspondence from the person that has already produced or disclosed the protected information. Any such designation shall identify the documents by description or Bates number.

3. No protected information marked or designated as provided in this Stipulation and Protective Order may be used by any recipient of such information for any purpose other than in connection with this Litigation. No protected information may be disclosed by the recipient of such information to anyone other than those persons permitted to see such information as set forth in paragraphs 4 and 5 for "CONFIDENTIAL" AND "ATTORNEYS EYES ONLY" information unless and until the restrictions in this Stipulation and Protective Order are removed either by agreement of the parties or by order of the Court.

4. All protected information designated as "CONFIDENTIAL" shall be restricted to the following persons:

-2-

(a) Attorneys for the parties to this Litigation and paralegal assistants, clerical staff and secretaries who are regularly or contractually employed by such attorneys, and are actively engaged in assisting such attorneys with respect to this Litigation;

(b) Each party to this Litigation;

(c) Any certified shorthand or court reporters retained to report a deponent's testimony taken in this Litigation;

(d) Experts or any person retained or used by counsel for any party to assist counsel with respect to this Litigation, who are not regular employees of such counsel;

(e) Persons shown on the face of the document to have authored or received it;

(f) Any person whom the parties agree, in advance and in writing, may receive such protected information.

5.  "ATTORNEYS' EYES ONLY" information shall not be disclosed to any person except those listed in paragraph 4(a), (c), (d), (e) and (f) and any other person expressly agreed, in writing, by the parties or permitted by Order of the Court. If the receiving party reasonably believes it has a legitimate need to disclose a document that has been designated "ATTORNEYS' EYES ONLY" to persons other than those identified in paragraph 4(a), (c), (d), (e) and (f) and the Court has not already made a determination on whether such disclosure will be permitted, then the receiving party may present the issue to the Court for resolution or may make a written request to the producing party for permission to disclose the document, identifying the document, the person to whom the document is proposed to be disclosed and including a brief statement regarding the purpose of and need for the disclosure. The producing party shall respond in writing to such a request within five (5) days of receipt. If the producing party agrees that disclosure may occur, then the document may be shown to the identified person

who shall be bound by the obligations and restrictions set forth herein with respect to documents identified as "ATTORNEYS' EYES ONLY." Whether a person identified in paragraph 4(b) is permitted to see "ATTORNEYS' EYES ONLY" material by express written agreement of the parties or by Order of the Court, in no event may that person be permitted to make or retain any copy of an "ATTORNEYS' EYES ONLY" document.

6. This Stipulation and Protective Order does not prohibit a party from disclosing its own protected information. Nor does this Stipulation and Protective Order prohibit a party from disclosing protected information independently obtained from non-confidential sources or sources that did not designate the information as confidential so long as the information was not improperly disclosed by the source of the information.

7. No person authorized under paragraph 4(b), (d), or (f) of this Stipulation and Protective Order to receive access to protected information shall be granted such access until such person has received a copy of this Stipulation and Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Stipulation and Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose protected information. Furthermore, each recipient of protected information shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Litigation and solely for the purposes of this Litigation.

8. Vonage is required by law to protect Customer Proprietary Network Information (CPNI), as defined in 47 U.S.C. § 222(h)(1). Vonage's right to disclose CPNI of its customers to third parties is limited by 47 USC § 222(c)(1) which provides:

> Except as required by law or with the approval of the customer, a
> telecommunications carrier that receives or obtains customer

> proprietary network information by virtue of its provision of a telecommunications service shall only use, disclose, or permit access to individually identifiable customer proprietary network information in its provision of (A) the telecommunications service from which such information is derived, or (B) services necessary to, or used in, the provision of such telecommunications service, including the publishing of directories.

9.   To the extent that CPNI of individual members of the putative classes who are not named plaintiffs is produced, those materials shall be marked "ATTORNEYS' EYES ONLY" without further Order of the Court. Consistent with 47 USC § 222(c)(1), those materials only shall be shown to persons identified in paragraphs 4(a), (c), (d), (e) and (f), unless the specific customer to whom the CPNI relates has signed the authorization form at Exhibit B to this Stipulation and Protective Order permitting those materials to be disclosed to individuals authorized to view "CONFIDENTIAL" documents under this Stipulation and Protective Order.

10.   If any party believes that other material or testimony that it may produce or provide during discovery is of such heightened sensitivity and confidentiality that the material or testimony should be designated, and restricted from disclosure, as "ATTORNEYS' EYES ONLY," then that party may move the Court for an additional Protective Order with respect to such material or testimony.

11.   If, during the course of a deposition, counsel for any person designates any part of the testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the deposition transcript shall be visibly marked on the cover page by the reporter as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Alternatively, within ten (10) days after the transcription of the deposition testimony is available, counsel for any person may designate, by letter to all counsel and the deposition reporter, any portion of the deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Protective Order, and a

copy of the letter shall be attached by the reporter and all counsel to the cover page of all deposition transcripts. If the parties cannot agree on whether an "ATTORNEYS' EYES ONLY" designation properly applies to testimony so designated during that period, then within fourteen days following notice by any other party that the designation is disputed, the designating party must file with the Court a motion for an Order confirming the propriety of the designation. The testimony that is the subject of the motion shall not be shown to persons other than those identified in paragraphs 4(a), (c), (d), (e) and (f) unless the parties have expressly agreed, or the Court Orders, that disclosure also may be made to those persons identified in paragraph 4(b) All testimony shall be presumptively "CONFIDENTIAL" for forty (40) days after such testimony is given.. In the event that "ATTORNEYS' EYES ONLY" information is provided or used as an exhibit during a deposition, arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind the portions of the transcript, including deposition exhibits thereto, containing information designated as "ATTORNEYS' EYES ONLY," and to label such portions appropriately. Any confidentiality under the terms of this Stipulation and Protective Order is waived as to any portion of the deposition transcript which is not timely designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within this ten (10) day period, unless otherwise agreed by the parties or ordered by the Court. This paragraph shall not be deemed or construed to authorize disclosure of any protected information to any person to whom disclosure is otherwise prohibited under this Stipulation and Protective Order.

    12.    Any protected information designated under this Stipulation and Protective Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" which is filed with the Court in paper form shall be filed in a sealed envelope or container marked on the outside with the title of the action, and "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate. The Court,

its staff, and counsel for the parties shall have access to any envelope or container submitted under seal in connection with this Litigation. To the extent practicable, protected information shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No protected information shall be included in whole or in part in pleadings, motions, briefs, exhibits, memoranda or other papers filed in court in paper form, except as provided in this paragraph.

13. Any party receiving any protected information which has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may object in writing and at any time to such designation unless the Court already has ruled that said designation is appropriate. If such objection cannot be resolved by agreement, the objecting party may file a motion with the Court to determine the propriety of the designation. The protected information which is the subject of such motion shall be treated in accordance with the designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status pending the Court's decision on the motion. In all motions to modify a designation, the designating party shall bear the burden of justifying the particular designation made.

14. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any protected information, and shall be responsible for insuring that each of his or her regularly or contractually employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Litigation and the proposed recipients of protected information are informed of the terms of this Stipulation and Protective Order and their obligations under it.

15. Neither the taking of any action in accordance with the provisions of this Stipulation and Protective Order nor the failure to object to such action shall be construed as a

waiver of any claim or defense in this Litigation. Moreover, the failure to designate information in accordance with this Stipulation and Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later time seeking to impose such designation or challenging the propriety thereof. In connection with any such motion, the burden shall be on the designating party to prove the appropriateness of the confidentiality designation by a preponderance of the evidence.

16. This Stipulation and Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request in this Litigation. Nor shall this Stipulation and Protective Order be deemed or construed as a waiver of the attorney/client work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Furthermore, nothing in this Stipulation and Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

17. This Stipulation and Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any protected information covered by this Stipulation and Protective Order.

18. If a party inadvertently produces or discloses information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information. Pursuant to Fed. R. Civ. P. 502(d), such production or disclosure shall not automatically constitute a waiver of any applicable privilege afforded the document or information, or the subject matter of the document or information, in

this proceeding or in any other Federal or State proceeding, but the facts and circumstances surrounding the production or disclosure may be relevant to a determination of whether a waiver of privilege has occurred.

19. Within sixty (60) days after final termination of this Litigation, including all appeals, any recipient of protected information under paragraph 4(b)-(f) of this Stipulation and Protective Order shall deliver all protected information, including all copies thereof and all documents incorporating or referring to such information, to counsel for the party which disclosed the protected information to the recipient, unless the parties otherwise agree in writing. As an alternative, within the same sixty (60) day period, all documents containing protected information may be destroyed and such destruction confirmed in correspondence to counsel for the disclosing person. A party and its counsel of record need not destroy or return protected information incorporated in materials filed with the court, subject to the terms of this Stipulation and Protective Order. Counsel of record need not destroy or return protected information incorporated in work product retained solely by counsel.

20. This Stipulation and Protective Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties hereto filed with the Court. Without limiting the generality of the foregoing, this Stipulation and Protective Order shall survive or remain in full force and effect after the termination of this Litigation. Nothing in this Stipulation and Protective Order shall limit or preclude any party or its law firm from generally and in a nonspecific manner discussing matters designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the limited extent necessary for the giving of legal advice or from applying to the Court for relief from this Stipulation and Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

21.     In the event that counsel for any party receives a demand or request to produce or disclose protected information or is informed that a demand or request for protected information has been made to any recipient of protected information under the terms of this Stipulation and Protective Order by any government agency or in connection with another lawsuit, counsel shall, within five (5) business days after receipt of such demand or request or upon being informed of such demand or request, send written notice to all counsel of the identity of the person or entity making the demand or request and the recipient of the demand or request, the nature of the material requested or demanded, and the date on which the protected information is to be produced or disclosed. The request or demand, be it in the form of subpoena, letter or otherwise, shall be attached to the letter.

22.     This Stipulation and Protective Order constitutes a binding agreement of the parties immediately upon execution by the parties.

Dated: June 15, 2009              DUANE MORRIS LLP

                                  By: *Sheila Raftery Wiggins*
                                  Sheila Raftery Wiggins (SW-2453)
                                  744 Broad Street, Suite 1200
                                  Newark, NJ 07102-3889
                                  (973) 424 - 2000
                                  *Attorneys for Defendants*


June 15 2009                      BINGHAM McCUTCHEN LLP

                                  By: *Ky E. Kirby*
                                  Ky E. Kirby*
                                  Jon S. Frankel*
                                  Randall M. Levine*
                                  2020 K Street, NW
                                  Washington, DC 20006
                                  (202) 373-6000
                                  *Attorneys for Defendants*

(*Motions for Pro hac vice admission pending)

June 5, 2009

COHEN MILSTEIN SELLERS & TOLL

By: /s/ Victoria Nugent
Victoria S. Nugent, Esq.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005

June 5, 2009

SEEGER WEISS LLP

By: _____
Scott Alan George, Esq.
550 Broad Street, Suite 920
Newark, NJ 07210
(973) 639 – 9100
*Attorneys for Plaintiffs*

IT IS SO ORDERED:

Dated: July 2nd, 2009

_____
Hon. Douglas Arpert
United States Magistrate Judge

- 11 -

EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VONAGE MARKETING AND SALES PRACTICE LITIGATION | |
| BUDD NAHAY, et. al., on behalf of themselves and all others similarly situated, | Civil Action No. 07-CV-03909 (FLW)(DEA) |
| Plaintiffs, | |
| v. | EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER |
| VONAGE AMERICA, INC., et. al., | |
| Defendants. | |

I have read and hereby agree to be bound by the terms of the Stipulation and Protective Order so ordered by this Court, and to submit to the jurisdiction of the U.S. District Court for the District of New Jersey in connection with any dispute regarding compliance with the Stipulation and Protective Order.

```
Name:
Company:
Title:
Dated:
```

EXHIBIT B

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VONAGE MARKETING AND SALES PRACTICE LITIGATION | |
| BUDD NAHAY, *et. al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VONAGE AMERICA, INC., *et. al.*,<br><br>　　　　Defendants. | Civil Action No. 07-CV-03909 (FLW)(DEA)<br><br>EXHIBIT B TO STIPULATION AND PROTECTIVE ORDER |

### CUSTOMER AUTHORIZATION TO DISCLOSE CPNI

I hereby authorize Vonage America, Inc., Vonage Holdings Corp., and Vonage Marketing Inc., to disclose or otherwise permit access to my individually identifiable customer proprietary network information ("CPNI") as defined in 47 U.S.C. § 222(h)(1) as CONFIDENTIAL material in a manner consistent with the terms of the Stipulation and Protective Order entered on _____ May, 2009, in the above captioned case.

　　　　　　　　　　　　　　Name:
　　　　　　　　　　　　　　Company:
　　　　　　　　　　　　　　Title:
　　　　　　　　　　　　　　Dated:

- 13 -