IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------- X
IN RE: VONAGE MARKETING AND             :
SALES PRACTICE LITIGATION               :
                                        :
                                        :
---------------------------------------- :
                                        :
BUDD NAHAY, ROBERT STARRETT,            :   Docket No. 07-3906 (FLW)
ALEX NEVELSON, ERIC TERRELL,            :
DARLENE PENNOCK, FRANCESCO              :
TRAMA and JOHN STEWART, on behalf       :
of themselves and all others similarly  :
situated,                               :   JOINT DECLARATION OF
                                        :   ANDREW N. FRIEDMAN AND
            Plaintiffs,                 :   JONATHAN SHUB IN SUPPORT OF
                                        :   FINAL APPROVAL OF SETTLEMENT
   -against-                            :
                                        :
VONAGE AMERICA, INC.,                   :
VONAGE   HOLDINGS   CORP.,   and        :
VONAGE MARKETING INC.                   :
                                        :
            Defendants.                 :
                                        :
---------------------------------------- X

We, Andrew N. Friedman and Jonathan Shub, declare under penalty of perjury:

1. We are Co-Lead Class Counsel in this litigation and submit this joint declaration in support of the Motion in Support of Final Approval of Settlement.

2. Plaintiffs Nahay and Starrett commenced the first putative class action lawsuit (the "Action") against defendants Vonage America, Inc. and Vonage Holdings Corp. on December 4, 2006 (Docket No. 1; Civ. A. No. 3:06-cv-05801-FLW-TJB), alleging on behalf of a national class that Vonage misrepresented several features of its service, including the scope of its promotional one month free and money back guarantee offers, and the charges associated with account cancellation, and failed to timely honor requests for cancellation.

3. Several subsequent actions were filed based on similar allegations, including *Porter v. Vonage Holdings Corp., et al.*, Civ. A. No. 2:07-cv-1850 (U.S. District Court for the Central District of California), *Nevelson v. Vonage Holding Corp. et al.*, Civ. A. No. 3:07-cv-0732 (U.S. District Court for the Southern District of California), *Pennock v. Vonage America, Inc. et al.*, Civ. A. No. 2:07-cv-0320 (U.S. District Court for the Western District of Washington), *Terrell v. Vonage Holding Corp.*, Civ. A. No. 3:07-cv-4907 (U.S. District Court for the Northern District of California), and *Trama v. Vonage Holdings Corp. et al.*, Civ. A. No. 3:07-cv-04170 (U.S. District Court for the District of New Jersey). The claims of plaintiff Porter were ultimately not included in the Consolidated Complaint.

4. On August 16, 2007, the Judicial Panel on Multi-District litigation transferred all actions related to the challenged marketing and sales claims against Vonage, to this Court.

5. On October 1, 2007, Plaintiffs Starrett and Nahay petitioned this Court to consolidate the transferred actions into the instant action (Civ. A. No. 3:07-cv-03906-FLW-DEA) and for the appointment of Cohen, Milstein, Sellers & Toll, PLLC and Seeger Weiss LLP as Co-Lead Class Counsel, which the Court approved on November 7, 2008. (Docket Nos. 10 and 15).

6. On December 19, 2008, Plaintiffs filed their Consolidated Class Action Complaint. (Docket No. 19). In the consolidated action, Plaintiffs sought relief on behalf of a nationwide class for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of New Jersey and California consumer protection laws, and for unjust enrichment.

7. Limited merits discovery was completed, including the various terms of service relating to each of their claims and accounts.

8. In response to the Consolidated Class Action Complaint, Defendants filed a Motion to Compel Arbitration and to Dismiss and/or Stay Claims ("Motion to Dismiss") based on arbitration clauses, including bans on class actions, in Vonage's various terms of service. (Docket No. 26). This motion was fully briefed and initially heard by the Court on September 1, 2009, after which the Court denied the Motion without prejudice to Defendant resubmitting the motion after a period of "discovery relating to the dispute resolution/arbitration provisions." (Docket No. 57).

9. On November 16, 2009, an Assurance of Voluntary Compliance ("AG Settlement") between Vonage and the attorneys general of thirty-two states was approved by the court. The initial action by Plaintiffs Starrett and Nahay predated the first of the actions by an attorney general challenging the same conduct by Vonage. Central to the eventual AG Settlement were prospective changes in the disclosures made by Vonage to customers starting (February 1, 2010), as well as changes to its cancellation procedure to better ensure that cancellations were timely made. While compensation was made available to persons who had complained before March 16, 2010, to the attorneys general who were part of the AG Settlement, no wider notice or claims process was available to customers who had not filed such a complaint.

10. Defendant filed its Renewed Motion to Dismiss on December 2, 2009 (Docket No. 59), and this motion was fully briefed, with no decision, prior to the settlement discussions.

11. During the pendency of Defendants' Motion to Dismiss, the parties entered into settlement discussions, including informal discovery. On August 10, 2010, the parties

formally met to further discuss global resolution of the claims in this case. Settlement discussions continued thereafter and, on September 24, 2010, culminated in the terms of a settlement in principle.

12. On September 27, 2010, the parties submitted a Joint Stipulation Regarding Stay of Proceedings. (Docket No. 74). On September 27, 2010, the Court granted the stipulation and terminated the pending Renewed Motion to Dismiss and Compel Arbitration. (Docket No. 76).

13. On January 13, 2011, the Court granted Preliminary Approval of the Settlement, approving, *inter alia*, the notice program to the class. Docket No. 89). Notice to the class included direct notice by electronic mail to all account holders who are or may be effected by the settlement, publication for three weekdays in USA Today, a static notice on account holder's account sites, a toll-free number and a dedicated webpage providing access to the long form notice, frequently asked questions and important litigation documents, including the settlement agreement.

14. Due to the factual and legal complexities involved in this case, as well as the significant passage of time and turnover in Vonage's staff and management since the case was filed, it is the opinion of Co-Lead Class Counsel that continued litigation necessarily would be extremely expensive and time-consuming.

15. Due to the procedural challenge under Vonage's Terms of Service to the class dimension of this case, and motion to compel arbitration on an individual basis, the parties were not permitted to undertake extensive class-based discovery. No depositions had been taken. However written discovery related to the claims of the individual Plaintiffs was permitted pending Defendant's motion to compel arbitration on an individual basis. Plaintiffs'

counsel did review documents produced by Defendant that spanned the class period and covered the policies and terms of service of Defendant and also analyzed claims data provided by Defendant. Given the fact that Plaintiffs span the class period, Class Counsel was afforded a good, composite picture of Defendant's policies and practices on a class-wide basis.

16. Without settlement, substantial costs and expenses would necessarily be incurred. Numerous depositions would have to be taken. Moreover, given the allegations of deceptive statements and marketing, the services of appropriate experts may be necessary to properly frame the wrongdoing on a class-wide basis.

17. As reflected in their firm resumes, Co-Lead Class Counsel are highly experienced in class action and consumer fraud litigation. *See* Exhibits A & B.

18. We attach hereto the Affidavit of the Settlement Administrator by Penny Jenning on behalf of Epiq Class Action and Claims Solutions discussing the process and related statistics to date as well as the claims procedures. *See* Exhibit C.

19. Under the Settlement, Class Members can be eligible for up to $195.00 for each account they had with Vonage. To compensate Class Members for Vonage's one month free promotion, and to recognize the lost time between ordering Vonage's service and actual activation, Class Members are eligible for $10.00 which reflects full compensation for most Class Members. Alternately, those Class Members who cancelled within the introductory period, but did so from the time of activation and not of initial ordering are eligible for up to $25.00 for service charges (*i.e.* a full month) and $80.00 for any equipment charges that were paid, which represents full compensation for most Class Members. Those Class Members who cancelled after such introductory periods, but were

charged disconnection fees are eligible for up to $40.00, which represents full compensation for most Class Members. Finally, Class Members who canceled service, but continued to pay service fees without using the service, are eligible for up to $50.00, which represents full compensation for two billing cycles.

20. While any payments may be subject to possible *pro rata* reduction, base based on the actual claims made to date by benefit category, assuming all the actual claims made as of April 8, 2011 are paid at the maximum allowable amounts, these claims would be paid in full and in the amount of $1,805,845.00 to the Class. *See* Exhibt C at ¶ 14 (setting forth the claims per benefit category as of April 8, 2011). Of course, the claims period does not end until July 9, 2011, and claims have not been formally reviewed. The actual payment amount for the actual claims submitted is likely a lower amount.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of our knowledge.

DATED: April 11, 2011.

_____  
Andrew N. Friedman  
Cohen Millstein Sellers & Toll, PLLC

_____  
Jonathan Shub  
Seeger Weiss LLP