UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VONAGE MARKETING AND SALES PRACTICE LITIGATION | MDL 1862 |
| BUDD NAHAY, ROBERT STARRETT, ALEX NEVELSON, ERIC TERRELL, DARLENE PENNOCK, FRANCESCO TRAMA and JOHN STEWART, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>VONAGE AMERICA, INC., VONAGE HOLDINGS CORP., and VONAGE MARKETING INC.,<br><br>Defendants. | Civ. Action No. 3:07-cv-03906-FLW-DEA<br><br><br><br>**Declaration of Compliance with Email and Account Notice Requirements of the Stipulation and Settlement Agreement** |

**DECLARATION OF COMPLIANCE WITH EMAIL AND ACCOUNT NOTICE REQUIREMENTS OF THE STIPULATION AND SETTLEMENT AGREEMENT**

Pursuant to the Stipulation and Settlement Agreement ("Settlement Agreement") entered into on December 23, 2010, between defendants Vonage America, Inc., Vonage Holdings Corp., and Vonage Marketing, Inc. (now Vonage Marketing, LLC), and their subsidiaries and affiliates (collectively, "Vonage") and Budd Nahay, Robert Starrett, Alex Nevelson, Eric Terrell, Darlene Pennock, and Francesco Trama (collectively, "Plaintiffs") through their counsel, and preliminarily approved by the Court on January 3, 2011,[1] Vonage submits this declaration attesting to its compliance with the email and account notice requirements of the Settlement Agreement.  As more fully described below and attested to in the accompanying declarations,

---

[1]    Order Granting Preliminary Approval of Class Settlement, *Vonage Marketing and Sales Practice Litigation*, p. 6 (Jan. 3, 2011).

A/74250482.1

Vonage has fully satisfied its obligations to provide notice of the proposed class action settlement via electronic mail to the last known email address of all potential class members (whether past or current customers) and via the posting of the settlement notice on its current customers' web accounts.

## I.    APPROVED FORMS OF NOTICE

### A.    Email Notice

The Settlement Agreement requires that Vonage provide notice to the Settlement Class by electronic mail (*i.e.*, Email Notice) in a form to be approved by the Court, and anticipated to be substantially in the same form as an exemplar attached to the Settlement Agreement as Exhibit E.[2]  Vonage committed to use its best efforts to start sending the notice to the last known email address of the Settlement Class Members within twenty days from the date of entry of the Preliminary Approval Order.

### B.    Account Notice

The Settlement Agreement further requires that Vonage post a static service bulletin on all Vonage customers' website accounts (*i.e.*, Account Notice) that would advise then-current Vonage customers about the settlement.[3]  The Account Notice was also to provide a link to the long-form Publication Notice published on the website established by the Settlement Administrator -- Epiq Systems, Inc. ("Epiq").  The Account Notice was required to be present on the website accounts for sixty consecutive days and had to be completed at least thirty days before the Final Approval Hearing.

---

[2]    Settlement Agreement, Article III.2.
[3]    Settlement Agreement, Article III.4.

A/74250482.1

C.      **Court Approval of Notice and Other Requirements**

On January 3, 2011, this Court considered and approved the proposed Email Notice and

Account Notice and, coupled with the proposed Publication Notices to be effectuated by Epiq,

preliminarily found that the form, content, and manner of notice met the requirements of due

process and Fed. R. Civ. P. 23(c) and (e), was the best notice practicable under the

circumstances, constituted sufficient notice to all persons entitled to notice, and satisfied the

Constitutional requirement of notice.[4]  The Court reiterated that the Email Notice was to be sent

electronically to the last known email address of all Settlement Class Members and that the static

service bulletin was to provide a link to the long-form Publication Notice posted on the website

maintained by Epiq for that purpose for sixty consecutive days.

The Settlement Agreement also required that Vonage file with the Court and provide to

Class Counsel a declaration of compliance with the Email Notice and Account Notice provisions

ten days prior to the Final Approval Hearing, which has been set for May 12, 2011.  The instant

pleading is submitted pursuant to that requirement.


II.     **VONAGE'S COMPLIANCE WITH THE EMAIL NOTICE REQUIREMENTS**

After the Court preliminarily approved the class action settlement, Vonage personnel

began the process of identifying the current and former Vonage accounts that would receive

notice of the settlement via email.[5]  Given the scope of the potential claimants, Vonage opted to

start with its entire U.S. customer database and carve out a few categories of accounts that would

clearly not be members of the settlement class.  As for the remaining accounts, if an account's

---

[4]      Order Granting Preliminary Approval of Class Settlement, p. 6.

[5]      Declaration of Freddy Ortiz, ¶ 3 (attached hereto as "Attachment A")("*Ortiz Declaration*").

3

information indicated that it might qualify for any one of the benefits because, for instance, it was charged a particular type of fee for which the settlement permits a benefit, that customer was included in the email notice list.

As of January 4, 2011, the complete universe of Vonage U.S. accounts was 6,316,002. From that list, Vonage excluded accounts that never became active.[6] Vonage then searched through the remaining accounts for any of the following criteria:[7]

(1)    Signed up for Vonage service under a one month or two month free rate plan.

(2)    Signed up for Vonage service at any time other than between August 14, 2007, and February 3, 2008, and terminated that service from 31 to 40 days after signing up (to capture potential settlement class members who might have missed the 30-day money back guarantee period because they did not know it began to run on the date an account was first established).

(3)    Signed up for Vonage service between August 14, 2007, and February 3, 2008, and terminated that service from 61 to 70 days after signing up  (to capture potential settlement class members who might have missed the 60-day money back guarantee period because they did not know it began to run on the date an account was first established).

(4)    Account terminated and customer invoiced a disconnection fee at the time of termination.

(5)    Terminated accounts with monthly invoices that were not cancelled (to capture potential settlement class members who may have been billed after termination for service they did not receive).

---

[6]    *Ortiz Declaration*, ¶ 4.  An account might not become active for various reasons, the most common being that the customer did not provide Vonage with a viable payment method (*i.e.*, a valid debit or credit card).

[7]    *Id.*, at ¶ 5.

A/74250482.1

(6)      Active accounts as of January 4, 2011, with no outbound calls for the two months

prior to January 4, 2011 (also to capture potential settlement class members who may have been

billed after termination for service they did not receive).

The above criteria were designed to be over inclusive in terms of identifying potential

Settlement Class members.  For example, under the Settlement Agreement, settlement class

members who terminated their Vonage service and were charged and paid a disconnection fee

that was not otherwise refunded or credited would be eligible to receive a benefit under the

settlement (Category 3 Benefit).  However, when Vonage was identifying the customers who

should receive the email notice regarding the settlement, Vonage included all accounts that were

simply charged a disconnection fee, regardless of whether the fee was actually paid and

regardless of whether the fee was previously refunded.

After generating an initial list of accounts to provide email notice, Vonage then reviewed

and scrubbed the data to remove any accounts that were specifically excluded from receiving

benefits pursuant to the Settlement Agreement and the Court's Order Granting Preliminary

Approval of the Class Settlement (*e.g.*, officers or directors of Vonage).[8]  In order to identify the

account holder, Vonage also appended specific customer information to assist in the

dissemination of the email notice to the last known email addresses.[9]

Using the above broad parameters, nearly 82% of all U.S. Vonage accounts were sent

email notifications of the proposed settlement.[10]

---

[8]      Declaration of Scott MacFawn, ¶ 7 (attached hereto as Attachment B)("*MacFawn Declaration*"); Order Granting Preliminary Approval of Class Settlement, at 3.

[9]      *MacFawn Declaration*, at ¶ 8.

[10]      Declaration of Suzanne Passavant of PM Digital, ¶ 9 (attached hereto as Attachment C)("*PM Digital Declaration*") (5,179,043 email notifications divided by 6,326,002 total Vonage U.S. accounts as of January 4, 2011 equals 81.9%).

A/74250482.1

To send the email notices, Vonage employed the services of PM Digital, Inc. ("PMD"), a company that Vonage uses to manage and execute other email campaigns.[11]  In addition to the account information and email address, Vonage also provided PMD with the text of the email that was substantially in the form the Settlement Agreement had proposed and Court had approved.  Using the account information provided by Vonage, PMD deployed its first batch of email notices on January 18, 2011 (fifteen days after the Court's Preliminary Approval Order).[12]  Given the quantity of emails PMD was sending, the email notices were spread out in manageable blocks over the next twenty-four days.  In that time frame, PMD sent email notifications to a total of 5,179,031 email addresses, of which over 80% were successfully delivered.[13]

Vonage therefore submits that it has successfully complied with the requirements for the provision of Email Notice by sending notice of the proposed settlement using the Court's approved form for such purpose to the last known email addresses of all potential Settlement Class members.  Vonage further notes that the dissemination of the email notices began within twenty days of the entry of the Preliminary Approval Order.

## III.   VONAGE'S COMPLIANCE WITH THE ACCOUNT NOTICE REQUIREMENTS

Every Vonage customer has an Internet-accessible account that provides personalized account information, such as billing and payment history, current service plan, voicemail messages, calling history (both received and placed calls), and any service announcements.[14]

---

[11]   *MacFawn Declaration*, at ¶ 8.

[12]   *PM Digital Declaration*, at ¶ 6.

[13]   *Id.*, at ¶¶ 8-9.

[14]   Declaration of Robert Betten, ¶ 3 (attached hereto as Attachment D)("*Betten Declaration*"); Declaration of Robert Hurl, Exhibit A (attached hereto at Attachment E)("*Hurl Declaration*").

A/74250482.1

The service announcement field is found in the upper right-hand corner on a web account's "Dashboard" and is on the first page displayed once a customer logs into his or her web account.[15]  Vonage uses the service announcement field to display messages that could impact many and sometimes all Vonage customers.

Vonage used the service announcement field to display the static notice to all then-current Vonage customers as required by the Settlement Agreement preliminarily approved by the Court.[16]  On the morning of January 26, 2011, Vonage inserted the following text in the service announcement field to all then existing U.S. Vonage customers' web accounts:

> **A class action settlement regarding Vonage service may affect your rights.  Call 1-877-810-7292 or click on the following link to get details: www.SettlementVonage.com.**

The settlement service announcement was programmed to run for sixty consecutive days.[17]  The toll-free telephone number was to Epiq's interactive voice response system.  By pressing on their telephone keypad, a caller was able to hear the same information provided in the long-form Publication Notice.  The link in the settlement service announcement was to a website maintained by Epiq that contained the long-form Publication Notice required by the Settlement Agreement and approved by the Court.

To test the service announcement's accuracy and functionality, Vonage personnel successfully called the toll-free number[18] and clicked through to the Epiq settlement site where the information contained in the long-form Publication Notice was found.[19]  Vonage personnel

---

[15]     *Betten Declaration*, at ¶ 3; *Hurl Declaration*, Exhibit A.

[16]     *Betten Declaration*, at ¶¶ 4-5.

[17]     *Id.*, at ¶ 5.

[18]     Declaration of Rennard Snowden, ¶ 2 (attached hereto as Attachment F)("*Snowden Declaration*").

[19]     *Id.*, at ¶ 3.

A/74250482.1

also visited their own personal Vonage web accounts to determine if the settlement service announcement was present.[20]  Vonage personnel confirmed that the settlement service announcement first appeared on their web accounts on January 26, 2011, and that the settlement service announcement was no longer present on March 28, 2011.[21]

Vonage therefore submits that it has successfully complied with the requirements for the Account Notice by providing a static service bulletin on all then-current U.S. Vonage customers' web accounts, that the settlement service announcement was present for sixty consecutive days, that the notice provided a link to the long-form Publication Notice published on Epiq's website, and that the settlement service announcement was completed at least thirty days prior to the Final Approval Hearing date of May 12, 2011.


DATED:  May 2, 2011                        ____/s/ Joshua M. Bobeck_____
                                           Ky E. Kirby
                                           Frank G. Lamancusa
                                           Joshua M. Bobeck
                                           BINGHAM MCCUTCHEN LLP
                                           2020 K Street, NW
                                           Washington, DC  20006

                                           *Counsel for Vonage America, Inc., Vonage
                                           Holdings Corp., and Vonage Marketing, LLC*

                                           Kurt Rogers
                                           Randi Friedman
                                           VONAGE HOLDINGS CORP.
                                           23 Main Street
                                           Holmdel, NJ  07733

---

[20]    *Hurl Declaration*, at ¶¶ 2-3; *Snowden Declaration*, at ¶ 3.

[21]    *Hurl Declaration*, at ¶ 3.  March 28, 2011, is more than thirty days prior to the Final Approval Hearing date of May 12, 2011.

A/74250482.1

Attachments:

Attachment A – Declaration of Freddy Ortiz
Attachment B – Declaration of Scott MacFawn
Attachment C – Declaration of Suzanne Passavant of PM Digital
Attachment D – Declaration of Robert Betten
Attachment E – Declaration of Robert Hurl (with Exhibit A)
Attachment F – Declaration of Rennard Snowden

9

A/74250482.1