# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VONAGE MARKETING AND SALES PRACTICE LITIGATION | MDL 1862 |
| BUDD NAHAY, ROBERT STARRETT, ALEX NEVELSON, ERIC TERRELL, DARLENE PENNOCK, FRANCESCO TRAMA and JOHN STEWART, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>VONAGE AMERICA, INC., VONAGE HOLDINGS CORP., and VONAGE MARKETING INC.,<br><br>Defendants. | Civ. A. No. 3:07-cv-03906-FLW-DEA |

---

## RESPONSE TO OBJECTIONS TO SETTLEMENT

---

David R. Buchanan
Scott Alan George
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, NJ 07210
(973) 639-9100

Jonathan Shub
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA
(215) 564-2300

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
COHEN, MILSTEIN, SELLERS & TOLL, PLLC
1100 New York Avenue, N.W., Suite 500
Washington, DC 20005
(202) 408-4600

*Co-Lead Class Counsel*

i

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

PROCEDURAL BACKGROUND........................................................................2

RESPONSES TO OBJECTIONS ........................................................................3

    The Adequacy of the Settlement ............................................................................4

    The Amount of Attorneys' Fees..........................................................................7

    The Notice and Claims Process..........................................................................8

CONCLUSION................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*AT&T Mobility LLC v. Concepcion,* --- S. Ct. ---, 2011 WL 1561956
   (U.S. Apr. 27, 2011) ................................................................................. 1, 7

*Bell Atlantic Corp v. Bolger*, 2 F.3d 1304(3rd Cir. 1993) ......................................... 4

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ...................................................... 7

*Geier v. Alexander*, 801 F.2d 799 (6th Cir. 1986) ..................................................... 5

*Huguley v. General Motors Corp.*, 128 F.R.D. 81 (E.D. Mich. 1989) ...................... 5

*In re Prudential Ins. Co. Sales Practices Litig.,* 962 F.Supp. 450
   (D.N.J. 1997); ............................................................................................ 4, 6

*In re Warafin Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) ...................................... 6

*n re General Motors*, 55 F.3d 768 (3d Cir. 1995) ................................................. 5, 6

*Stoetzer v. U.S. Steel Corp.*, 897 F.2d 115 (3d Cir. 1990) ......................................... 4

*Weiss v. Mercedes-Benz of North America,* 899 F.Supp. 1297 (D.N.J. 1995) .......... 4

## PRELIMINARY STATEMENT

Plaintiffs Budd Nahay, Robert Starrett, Alex Nevelson, Eric Terrell, Darlene Pennock, and Francesco Trama (collectively, "Plaintiffs"), respectfully submit this response to the objections that have been submitted in response to the settlement being presented to the Court for Final Approval and the Petition for Award of Attorneys' Fees and Reimbursement of Expenses and For Incentive Awards. The eleven objections received fall roughly into two equal groups: a handful of customers whose alleged mistreatment by Vonage was particularly extreme and who want more than is provided in the settlement and objectors who are hostile to class actions and lawyers.

The proposed settlement of this class action provides for the payment of $4.75 million dollars in a common fund for the benefit of the Class and in most cases will compensate dollar-for-dollar the alleged harm suffered by members of the settlement class. The real cash relief for the class is particularly outstanding after the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion,* --- S. Ct. ---, 2011 WL 1561956 (U.S. Apr. 27, 2011), which would make class-wide relief far less likely without the settlement. Indeed, the work of Plaintiffs' Counsel in developing the claims on behalf of the putative class, and Co-Lead Class Counsels' opposition to efforts to compel arbitration of Plaintiffs' claims *on an individual basis* amply supports the requested award of attorneys' fees and expenses.

## **PROCEDURAL BACKGROUND**

On January 3, 2011, the Court granted Preliminary Approval of the Settlement, including the notice program which the court found was the best notice practicable and satisfied the requirements of due process (D.E.89). This notice program included direct notice to each member of the Settlement Class along with publication notice, a dedicated website and a statement about the settlement posted on the individual Vonage account sites for existing Vonage customers. The notice apprised all Settlement Class Members of the Settlement, their rights under the Settlement, the claims process and their rights to seek exclusion from or to object to the Settlement. On April 11, 2011, Plaintiffs submitted their papers in support of Final Approval of the Settlement and the Petition for Award of Attorneys' Fees and Reimbursement of Expenses and for Incentive Awards. In these submissions, Co-Lead Counsel explained why the Settlement was fair and reasonable and deserves final approval by the Court and that the requested award of 33 1/3 % of the common fund established for the benefit of the class was not only in keeping with established precedent, but recognizes a reasonable payment based on the actual time committed by Plaintiffs' counsel to this litigation.

All requests for exclusion were due on or before April 29, 2011. As the Settlement Administrator reported to the Court on that date, only 103 timely requests for exclusion were received (D.E. 103). April 29, 2011 was also the last

date by which objections to the Settlement were to be served on Co-Lead Class Counsel *and* filed with the Court.[1]

By April 29, 2011, only one (1) objection (by Kenneth Delafrange) was filed with the Clerk and served on Co-Lead Class Counsel (D.E. 94), as required by the Preliminary Approval Order.  *See* Exhibit A hereto.  The remaining nine (9) were not filed with the Clerk of the Court and one of these nine (by Gary Petas) was only e-mailed to the Settlement Administrator.  *See* Exhibits B through J hereto.  Notwithstanding the fact that most of the objections were not properly filed and served, Co-Lead Class Counsel are presenting and will address all of the objections that have been received.

## **RESPONSES TO OBJECTIONS**

The objections fall into two groups: customers whose asserted losses exceed the benefits provided under the settlement and people who are hostile to class actions and lawyers.  Rather than address each objector, and repeat certain responses several times over, Plaintiffs will address the three basic objections submitted to the settlement:  seven (7) objections to the adequacy of the settlement, four (4) objections to the fees requested by Co-Lead Class Counsel, and two (2)

---

[1]   The Preliminary Approval Order provided that "no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel. . . . Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections."  *Id.* at ¶ 23

objections to the notice or claims process. However, the small number of objections, particularly against the back-drop of the over 4 million emails that were sent out, is a factor that favors final approval of the class action Settlement. *See Bell Atlantic Corp v. Bolger*, 2 F.3d 1304, n. 15 (3rd Cir. 1993) (silence is "tacit consent" to settlement); *Stoetzer v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"); *In re Prudential Ins. Co. Sales Practices Litig.,* 962 F.Supp. 450 at 537 (D.N.J. 1997); *Weiss v. Mercedes-Benz of North America,* 899 F.Supp. 1297, 1231 (D.N.J. 1995) (100 objections out of 30,000 class members weighs in favor of settlement). This is particularly true where, as here, the settlement benefits potentially provide full compensation and could be as high as $195.00.

### *The Adequacy of the Settlement*

Seven of the objectors (Younie, Walker, Taylor, Lichti, McBroom, Delgado, and Grosvenor (who submitted his objections on two separate dates)) challenge the adequacy of the settlement. These fall into two groups: generalized grievances about class actions where "pennies being paid on a dollar" and customers whose unique situations have lead to claimed losses that exceed the dollar-for-dollar payments provided for by the Settlement.

Objectors Walker and Younie merely object to a hypothetical class action settlement where little is provided to the class. This is the world where, as Mr.

Younie offers, "Tort lawyers provide very little, if any, value to society, and have definitely done damage." Indeed, Mr. Younie misunderstands the maximum allowable payment provided by the Settlement (stating only $80.00 when the figure is nearly $200.00), and does not acknowledge that most members of the settlement class will receive dollar-for-dollar what they lost. On the other hand, Mr. Walker merely recites that the lawyers "being paid too much and the class members are not being paid enough." To the extent these objectors have a real objection relating to the "fairness, reasonableness and adequacy of the proposed Settlement they were required to set forth the basis of that objection. *Huguley v. General Motors Corp.*, 128 F.R.D. 81, 89 (E.D. Mich. 1989) (quoting *Geier v. Alexander*, 801 F.2d 799, 809 (6th Cir. 1986)) (objectors must demonstrate a factual basis for their objections); *see also* Preliminary Approval Order at ¶ 23 (any objector must "file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition.") They mount no meaningful challenge to the Settlement.

Objectors Taylor, Lichti, McBroom, Delgado and Grosvenor offer the facts of their case, which exceed the caps placed on each of the benefit groups in the Settlement, and object because they are not being made whole. At the low end, Ms. Taylor's Benefit 3 (cancellation fee) claims are $42.79, but the benefit is capped at

5

$40.00.  At the high end, Mr. Lichti asserts that Vonage owes him $566.22 which they "siphoned" off him over three month, but it is not clear how this was accomplished given the low monthly fee for service.  Finally, objectors Delgado and Grosvenor complain that the Settlement does not address the impact their disputes with Vonage have had on their credit ratings.

However, these objections are more to the notion of settlement in general and not to this Settlement in particular.  Indeed, Ms. Taylor's Category 3 benefits are only $2.79 less than her actual claim.  "The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."  *In re General Motors*, 55 F.3d 768, 784 (3d Cir. 1995); *see also In re Warafin Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) (explaining the "overriding public interest in settling class action litigation.")  Accordingly, in assessing the adequacy of the Settlement, it is necessary to consider that a settlement is, at best, "a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Prudential*, 962 F.Supp, at 534 (citations omitted).

It is more than mere speculation that the Settlement Class could have gotten nothing. When settlement discussions began, Vonage was seeking to compel arbitration on an individual basis based on its arbitration clause.  While the Third Circuit's precedent on this point may have favored Plaintiffs, the Supreme Court's

6

April 27, 2011 decision in *AT&T Mobility LLC v. Concepcion*, --- S.Ct. ----, 2011 WL 1561956 (U.S. Apr. 27, 2011), provided substantially more support for Vonage's position when it found a cell phone carrier's mandatory arbitration provision with a class action ban fully enforceable.  To the extent that the Settlement does not address an extreme situation such as those presented by these objectors, they may opt out of the settlement and pursue their claims individually.  Finally, ancillary injuries to credit were never part of this action and are not relevant to the Class claims or the purposes of this Settlement.[2]

No meaningful challenges to the adequacy and fairness of the Settlement have been submitted.

### The Amount of Attorneys' Fees

The four objectors (Delafrange, Petas, Younie, and Walker) who object to the award of attorneys' fees do so with no grounds for their objection aside from an evident hostility to the award of any fees to attorneys.  These are not valid objections.  When a common fund is created through an attorney's efforts, that attorney is entitled to an award of reasonable fees from the fund.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("a lawyer who recovers a common fund

---

[2]  Objector Ahnee's objection is unclear, but it appears that his case is extremely idiosyncratic – with alleged misrepresentations about the need for a computer for Vonage's services and the complications of being imprisoned during an early part of the service.  While Plaintiffs are sympathetic to his difficulties, his situation is not one contemplated by the claims in this case.

for the benefit of persons other than himself [sic] or his [sic] client is entitled to a reasonable attorney's fee from the fund as a whole . . . . The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigant's expense.").

Here, Co-Lead Class Counsel achieved a substantial $4.75 million benefit for the Settlement Class, and in doing so, worked over two thousand hours directly for the benefit of the MDL litigation alone and all on a contingency basis. As set forth more fully in the Application for Attorneys' Fees and Reimbursement of Expenses and Incentive Award, this sum is fair, reasonable and in-line with other settlements of equal size and complexity. Indeed, addressing the objection of Mr. Delafrange (the only objector to properly present his objections) such a sum would just recognize the market rate based on the hours worked by Plaintiffs' counsel.

No meaningful challenges to the Application for Attorneys' Fees have been submitted.

### *The Notice and Claims Process*

Finally, objectors Delafrange and Taylor raise questions about the notice and claims process. As part of the settlement, an extensive informational notice program was established with the approval of the Court. Mr. Delafrange describes a "lack of clarity" in the claims process. However, Co-Lead Class Counsel has personally assisted Settlement Class members with submitting claims when they

have raised questions about the process.  Ms. Taylor "note[s] that email notice of the proposed settlement was not received until 2/10/2011 when the notice is dated 1/3/2011."  The date of the notice was the date of Preliminary Approval.  Following the Preliminary Approval Order, the notice was emailed in waves, to the Settlement Class, including Ms. Taylor.  All of the relevant dates in the notice -- chiefly the dates for objecting (April 29) and filing a claim (which is after the Final Approval Hearing) were well in the future at the time email notice was complete.  Therefore, there can be no reasonable argument that notice was untimely or that the rollout of the notice program was inherently defective.

No meaningful challenges to the notice or claims process have been submitted.

## **CONCLUSION**

For all of the above reasons, Plaintiffs submit that the objections to the Settlement should be rejected by the Court and the Settlement be approved.

Dated:  May 4, 2011                                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　 __/s/ Scott Alan George_____
　　　　　　　　　　　　　　　　　　　　　　　　　　David R. Buchanan
　　　　　　　　　　　　　　　　　　　　　　　　　　Scott Alan George
　　　　　　　　　　　　　　　　　　　　　　　　　　SEEGER WEISS LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　550 Broad Street, Suite 920
　　　　　　　　　　　　　　　　　　　　　　　　　　Newark, NJ  07210
　　　　　　　　　　　　　　　　　　　　　　　　　　(973) 639-9100

9

Jonathan Shub
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA  19102
(215) 564-2300

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
COHEN, MILSTEIN, SELLERS &
TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600

*Co-Lead Class Counsel*