# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VONAGE MARKETING AND SALES PRACTICE LITIGATION | MDL 1862 |
| BUDD NAHAY, ROBERT STARRETT, ALEX NEVELSON, ERIC TERRELL, DARLENE PENNOCK, FRANCESCO TRAMA and JOHN STEWART, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>VONAGE AMERICA, INC., VONAGE HOLDINGS CORP., and VONAGE MARKETING INC.,<br><br>Defendants. | Civ. A. No. 3:07-cv-03906-FLW-DEA |

---
### SUPPLEMENTAL RESPONSE TO OBJECTIONS TO SETTLEMENT
---

David R. Buchanan
Scott Alan George
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, NJ 07210
(973) 639-9100

Jonathan Shub
SEEGER WEISS LLP
1515 Market Street
Suite 1380
Philadelphia, PA
(215) 564-2300

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
COHEN, MILSTEIN, SELLERS & TOLL, PLLC
1100 New York Avenue, N.W., Suite 500
Washington, DC 20005
(202) 408-4600

*Co-Lead Class Counsel*

**PRELIMINARY STATEMENT**

Plaintiffs Budd Nahay, Robert Starrett, Alex Nevelson, Eric Terrell, Darlene Pennock, and Francesco Trama (collectively, "Plaintiffs"), respectfully submit this Supplemental Response to Objections to address the objection of Andrew J. Phillips which was served on counsel *after* the Court ordered deadline of April 29, 2011.[1]  *See* Exhibit A hereto.  Co-Lead Class Counsel previously responded to all of the objections that had been sent prior to April 29, 2011, and had been received on or before May 4, 2011 (D.E. 105).

**RESPONSE TO OBJECTION**

Objector Phillips raises three objections to the settlement: to the amount of attorneys' fees; to the timing of the payment of attorneys' fees; and to the possible *cy pres* distribution.  At no point does objector Phillips cite any legal authority for his objections, which are often based on misstatements of fact.  Indeed, most of the objections raised by objector Phillips in this case were earlier reviewed and rejected by this Court in an earlier case in which Phillips was also an objector.  *Hall v. AT & T Mobility LLC*, 2010 WL 4053547 (D.N.J. Oct. 13. 2010).

*The Amount of Attorney's Fees*

Objector Phillips argues that any fee that exceeds 200% of lodestar is prohibited under New Jersey law in actions brought under a fee-shifting statute, presumably like the fee-shifting provision under the New Jersey Consumer Fraud act.  As an initial matter, in the present case, there will be no multiplier on the lodestar in this case, and thus the argument has no basis in fact. As explained in Class Counsel's Petition for An Award of Attorneys' Fees, as of April 11, 2011, the fees requested in this case represented only a multiplier of 1.08 of the actual time dedicated to this litigation.  Between April 11, 2011 and the final distribution of payments to the Settlement

---

[1] The objection was postmarked May 2, 2011.

1

Class, Co-Lead Class Counsel has continued to be – and will be -- involved in the administration of the Settlement, including responding to questions from Settlement Class members and responding to the few objections received to the Settlement. Accordingly, Co-Lead Class Counsel expects that there will ultimately be a *negative* multiplier.

Moreover, there is no legal basis for this objection. *See Hall*, 2010 WL 4053547 * 15, 18-19. Objector Phillips is presumably relying on the opinion of the New Jersey Supreme Court in *Rendine v. Pantzer*, 141 N.J. 292 (1995) which established the considerations for determining attorney fee awards under state fee-shifting statutes and which criticized a multiplier of 200%. In common fund cases such as the one *sub judice*, the percentage-of-benefit method is favored in calculating an award of fees. *In re AT&T Corp. Securities Litigation*, 455 F.3d 160, 164 (3d Cir. 2006). *See also In re Cendant Corp. PRIDES Litigation*, 243 F.3d 722, 732 (3d Cir. 2001); *In re Electrical Carbon Products Anti-Trust Litigation,* 447 F.Supp.2d 389, 405 (D.N.J. 2006); *Hall*, 2010 WL 4053547 ** 15, 18. Here, Co-Lead Class Counsel request a fee of 33 1/3% of the common fund, a percentage commonly awarded by the Third Circuit in common fund cases. *See*, *e.g.*, *In re EquiMed, Inc.Sec. Litig.*, 2003 U.S. Dist. LEXIS 2998 (E.D. Pa. Mar. 3, 2003); *In re Gen. Instrument Sec. Litig.*, 209 F.Supp.2d 423 (E.D. Pa. 2001); *In re Safety Components, Inc. Securities Litigation*, 166 F.Supp.2d 72 (D.N.J. 2001); *AremisSoft*, 210 F.R.D. 109; *see also Zinman v. Avemco Corp.*, 1978 U.S. Dist. LEXIS 20079 (E.D. Pa. Jan. 18, 1978) (Higginbotham, J.) (awarding 50%). Although Plaintiffs asserted claims under, *inter alia*, the New Jersey Consumer Fraud Act which allows for successful claimants to be awarded statutory attorneys' fees, Plaintiffs are not seeking an award of statutory attorney's fees in addition to the Settlement Fund being established under the terms of the Settlement. Rather, they are seeking payment of their fees from the common fund. Therefore, the considerations explained in *Redline* are simply not applicable. *Cendant PRIDES*, 243 F.3d at 733; *See also Hall*, 2010 WL 4053547 at ** 15, 18.

*The Time of Assessment of Attorneys' Fees*

Objector Phillips argues that the amount of attorneys' fees to be awarded should not be determined until after the amount of the payments made to the Settlement Class are determined. Objector Phillips again misunderstands that this is a common fund payment. As discussed above, it is well-settled that the proper measure of attorneys' fees is the amount of the common fund, which is already established. Moreover, there is no reversion to Vonage of any unclaimed funds; rather there will be wider benefits through the Court approved *cy pres*. Accordingly the proper measure of an award of attorneys' fees is the amount of the common fund, which is already established. *See Hall*, 2010 WL 4053547 * 18.

*The Possible Cy Pres Distribution*

Objector Phillips complains that the Settlement does not expressly provide that the *cy pres* distribution would be limited to "organizations whose purpose will benefit the class in some way" and argues that excess funds would be better divided *pro rata* to the Settlement Class members. This Court rejected the same challenge to the same standard *cy pres* provision in *Hall*, noting that the benefit to the class need only be *indirect* and that any such concern is premature:

> The relevant portion of the Settlement Agreement provides that "[a]ny amounts remaining in the Common Fund after distribution has been made to Authorized Claimants and all expenses have been paid shall be conveyed to one or more charitable organizations jointly proposed by the Class Representatives and ATTM and approved by the Court." See Settlement Agreement at 18, Docket Entry No. 355-4. Such provisions are generally intended to "compensate, at least indirectly, the unlocatable class members." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 641 F.Supp. 259, 269 (D.Ariz.1986). The Harter Objectors do not propose a particular charitable organization, nor has one been selected by the parties or approved by the Court at this time. That the Court may ultimately approve a charitable organization which does not directly benefit each and every Class member is, thus, immaterial to the reasonableness of the settlement given that the purpose underlying this provision is to indirectly benefit absent Class members. This objection is, therefore, overruled.

*Hall*, 2010 WL 4053547 *9

Finally, as the Settlement contemplates a dollar-for-dollar recognition of the losses sustained by most Settlement Class members, any funds remaining after payment to the Settlement Class would constitute a windfall to the class, and are far better paid to a charity which the Court will ultimately approve.  *Hall*, 2010 WL 4053547 *11-12

## **CONCLUSION**

For all of the above reasons, Plaintiffs submit that objector Phillip's objections to the Settlement should be rejected by the Court and the Settlement be approved.

Dated:  May 9, 2011                                     Respectfully submitted,


   /s/ Scott Alan George
David R. Buchanan
Scott Alan George
SEEGER WEISS LLP
550 Broad Street, Suite 920
Newark, NJ  07210
(973) 639-9100

Jonathan Shub
SEEGER WEISS LLP
1515 Market Street
Suite 1380
Philadelphia, PA  19102
(215) 564-2300

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
COHEN, MILSTEIN, SELLERS & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600

*Co-Lead Class Counsel*

4