UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VONAGE MARKETING AND SALES PRACTICE LITIGATION | MDL 1862 |
| BUDD NAHAY, ROBERT STARRETT, ALEX NEVELSON, ERIC TERRELL, DARLENE PENNOCK, FRANCESCO TRAMA and JOHN STEWART, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>VONAGE AMERICA, INC., VONAGE HOLDINGS CORP., and VONAGE MARKETING INC.,<br><br>Defendants. | Civ. A. No. 3:07-cv-03906-FLW-DEA |

## (~~PROPOSED~~) FINAL APPROVAL ORDER AND JUDGMENT

1. Plaintiffs Budd Nahay, Robert Starrett, Alex Nevelson, Eric Terrell, Darlene Pennock, and Francesco Trama (the "Class Representatives") reached a settlement (the "Settlement") with Defendants Vonage America, Inc., Vonage Holdings Corp., and Vonage Marketing, Inc. (now Vonage Marketing LLC), and their various direct and indirect operating subsidiaries and affiliates (collectively, "Vonage"). The Parties have submitted a detailed written Stipulation and Settlement Agreement (the "Settlement Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein, all

1

capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on January 3, 2011 (the "Preliminary Approval Order"). The Court directed the parties to provide notice of the proposed Settlement by Account Notice, Email Notice, Publication Notice and via the Internet and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2. On **May 12**, 20**11**, this Court held a hearing to determine whether the proposed Settlement set forth in the Settlement Agreement executed by the Parties should be approved in Final by this Court. **(1)** appeared for the Plaintiffs and the Settlement Class. **(2)** appeared for Defendants Vonage. **12** objections were filed with respect to the proposed Settlement, and **No** Settlement Class Members appeared at the hearing to contest the Settlement.

3. After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and hearing the attorneys for the Parties, and any objectors, *and for the reasons stated in greater detail on the record* the Court finds, and

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

4. This Final Approval Order and Judgment incorporates and makes part hereof the Settlement Agreement and all Exhibits thereto.

(1) ANDREW N. FRIEDMAN, ESQ
    Scott A. GEORGE, ESQ
    VICTORIA S. NUGENT, ESQ
    JONATHAN SHUB, ESQ

(2) FRANK G. LAMANCUSA, ESQ
    RANDI D. FRIEDMAN, ESQ

5.   The Court has personal jurisdiction over all Settlement Class Members and Vonage, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all Exhibits thereto.

6.   Based upon the record before the Court, including all submissions in support of the Settlement set forth in the Settlement Agreement, objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> "Settlement Class" means all Persons in the United States, its territories or possessions who are or were subscribers or customers of Vonage on or before January 3, 2011, who (1) signed up under a one- or two-month free service promotion, (2) cancelled service within ten days of the expiration of their money back guarantee promotion, (3) were charged a disconnection fee and/or (4) requested cancellation but were thereafter charged regular monthly service fees for service they did not use after the cancellation request.

Excluded from the Settlement Class are Defendants, any entity in which Defendant has or had a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the Settlement Class. In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification

of the nationwide Settlement Class for settlement purposes because: Settlement Class Members, numbering in the millions, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class Members they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.  In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and parties in this case, the interests of the various constituent groups, and the negotiation process.

7.    The Settlement Agreement and proposed Settlement were reached after arm's-length negotiations among the Parties.  The Settlement Agreement and the proposed Settlement are fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the

4

Due Process Clause), and any other applicable law; and in the best interests of each of the Parties and the Settlement Class Members.

8. The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

9. The Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, and their right to be excluded from the Settlement Class; their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

10. The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiffs and all other Settlement Class

Members, as well as their heirs, executors and administrators, successors and assigns.

11.  The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have res judicata, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law in any way relating to, in whole or in part, or arising out of, or that could have been predicated on any of the allegations, claims, and/or theories presented in the Action or the Related Claims and arose on accounts opened or before the date of entry of the Preliminary Approval Order.

12.  The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

13.  All claims against Vonage in this case, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

14. The releases set forth in Article VI of the Settlement Agreement are incorporated by reference and provide, *inter alia*, that for and in consideration of the benefits provided to the Class and the mutual promises contained in the Settlement Agreement, Plaintiffs and the Settlement Class Members, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives, fully, finally and forever release, relinquish and discharge, as of the date the Final Approval Order becomes Final, Vonage and the Vonage-Related Released Parties from any and all of the Class Released Claims.

15. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached hereto as (i) are consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Settlement Agreement.

16. The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees in the amount of $ 1,583,175.00 and expenses in the amount of $ 30,437.4 to be paid from the Common Fund (payments to and for the services of the Settlement Administrator, which are continuing in nature, are not included in this award) and an Incentive Award for the Class Representatives in the

amount of $ 1,000.00 for each Class Representative. Co-Lead Class Counsel are authorized to allocate the fees as they deem appropriate.

17. The Court further approves the establishment of the Common Fund as set forth in the Settlement Agreement and the Escrow Agreement submitted by the Parties.

18. The Court finds that the Escrow Account is a "qualified settlement fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Escrow Account is established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liability arising out of an alleged violation of law; and

(c) The Assets of the Escrow Account are segregated from other assets of Vonage, the transferor of payments to the settlement fund, and from the assets of persons related to Vonage.

19. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)     The Escrow Account met the requirements of paragraphs 18(a) and (b) of this Order prior to the date of this Order approving the establishment of the Common Fund subject to the continued jurisdiction of this Court; and

(b)     Vonage and the Settlement Administrator may under section 1.468B-2(k)(3) of the Treasury Regulations, jointly elect to treat the Escrow Account as coming into existence as a "qualified settlement fund" on the later of the date the Escrow Account met the requirements of paragraphs 18(b) and 18(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 18 of this Order are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

20.     Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Vonage.

21.     In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and delivered in connection

herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

22. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against any or all Vonage Released Parties in any court or tribunal asserting any of the Class Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

23. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under paragraphs 15, above.

24. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

Date: May 12, 2011

Honorable Freda L. Wolfson
United States District Judge